UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christina Hudson #352247, | ) C/A No. 4:15-3053-RMG-TER |
|                 Petitioner, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| The State of South Carolina, | ) |
|                 Respondent. | ) |
| _____ | ) |

Petitioner Christina Hudson ("Petitioner"), proceeding pro se, files this petition pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated at the Leath Correctional Institution in Greenwood, South Carolina. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge. *See* 28 U.S.C. § § 1915(e); 1915A. For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

**STANDARD OF REVIEW**

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 and the Anti–Terrorism and Effective Death Penalty Act (AEDPA) of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir.1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983); Boyce v. Alizaduh, 595 F.2d 948 (4th

1

Cir.1979). This Court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, see Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980); Cruz v. Beto, 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972). Even under this less stringent standard, however, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. See Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990).

## BACKGROUND AND DISCUSSION

Petitioner indicates that she was convicted of "2 counts of felony DUI to run concurrently with 20 years for felony DUI causing Death" in August of 2012. (Doc. # 1 at 1). The only ground for relief she sets forth in her current 28 U.S.C. § 2254 petition is as follows:

> Requesting a sentence reduction and parole
> Petitioner does not deny the seriousness of her crime-She is asking the Court to consider reducing her (1-15 yr and) 20 yr sentence to run concurrent with one of the 15 yr sentence-therefore allowing her to be a non-violent offender–allowing her to be eligible for parole-asking the Courts for mercy and to consider the age of the petitioner when the crime happened.

Doc. # 1 at 5.

To the extent Petitioner claims she is entitled to federal habeas relief because the sentencing court abused its discretion in imposing an excessive sentence by not running certain sentences concurrently, that claim is not cognizable on federal habeas review. See Estelle v. McGuire, 502 U.S. 62, 67, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); see also 28 U.S.C. § 2254(a); Hayward v. McCabe,

Civ. A. No. 1:11–644–RBH–SVH, 2011 WL 6955886, at *9 (D.S.C. Dec.8, 2011), adopted at 2012 WL 28306 (D.S.C. Jan.4, 2012) (stating that, even if the petitioner's proportionality argument was considered on the merits, the argument would fail because, inter alia, "[w]hile the 30–year sentences were the maximum for armed robbery in South Carolina, they were within the limits permitted by law;" and noting that a trial judge is given wide discretion in determining what sentence should be imposed, and whether multiple sentences should run consecutively or concurrently); Williams v. Stevenson, Civ. A. No. 4:08–2647–HFF–TER, 2009 WL 2602217, at *6–7 (D.S.C. Aug.24, 2009) (rejecting the petitioner's claim that his sentence of the maximum was excessive because "claims arising from state law are not cognizable," and "[a] state court's determination of a question of state law is binding in federal court").  It is well settled that claims arising from state law are not cognizable ground for habeas corpus relief under 28 U.S.C. § 2254.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("'federal habeas corpus relief does not lie for errors of state law').  It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. Id.; Chance v. Garrison, 537 F.2d 1212 (4th Cir. 1976); Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir. 1960).  A claim that a sentence is excessive is a non-cognizable state law issue.  Folkes v. Warden Cartledge, 2013 WL 6662554, 5 (D.S.C. 2013)(citing Williams v. Stevenson, Civ. A. No. 4:08–2647–HFF–TER, 2009 WL 2602217, at *6–7 (D.S.C. Aug.24, 2009)) Therefore, since the sole ground for relief stated in the Petition filed in this case is related to the sentencing court's exercise of its discretion to impose a sentence, the undersigned recommends that the Petition in this case dismissed.[1]

---

[1] Petitioner should note that the filing of a federal habeas petition does not toll the limitations period for filing a timely petition under 28 U.S.C. § 2254. Duncan v. Walker, 533 U.S. 167, 181–82 (2001).

3

## **RECOMMENDATION**

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice, and without requiring the Respondents to file a return.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

August 24, 2015
Florence, South Carolina

Petitioner's attention is directed to the important notice on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).