# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christina Hudson, #352247, ) | |
| ) | No. 4:15-3053-RMG |
| Petitioner, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| The State of South Carolina, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this case be dismissed without prejudice and without requiring Respondent fo file a return. (Dkt. No. 8). Petitioner was advised that she had a right to submit written objections to the R & R within 14 days of service and a failure to timely file written objections could result in limited review by the District Court and waiver of the right to appeal the judgment of the District Court. (*Id.* at 5). Petitioner failed to file any written objections.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a de novo determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). However, as is the case here, where no objections are made, this Court "must only satisfy itself

-2-

that there is no clear error on the face of the record in order to accept the recommendation." *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

Petitioner seeks in this petition, filed pursuant to 28 U.S.C. § 2254, to challenge the state court decision not to allow her multiple sentences to run concurrently. It is well settled that such alleged errors of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Consequently, the Magistrate Judge has recommended that Plaintiff's habeas petition be dismissed without prejudice and without necessity that Respondent file a return. (Dkt. No. 8).

After a careful review of the R & R, the record evidence and the applicable statutory and case law, the Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that this matter should be dismissed without prejudice. Therefore, the Court **ADOPTS** in full the Magistrate Judge's Report and Recommendation (Dkt. No. 8) as the order of this Court and hereby **DISMISSES** this petition without prejudice and without the necessity that Respondent file a return.

### Certificate of Appealability

The governing law provides that:
> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

-3-

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED**.

                                                                              Richard Mark Gergel
                                                                              United States District Judge

October 14, 2015
Charleston, South Carolina